

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Jessica R. Ecker*
*Assistant United States Attorney*

*Nicholas K. Peone*
*Hyungjoo Han*
*Trial Attorneys*

*970 Broad Street, 7th floor*
*Newark, New Jersey 07102*
*973-645-2700*

April 3, 2025

Benjamin Brafman, Esq.
Ezra Lent, Esq.
Brafman & Associates, P.C.
256 Fifth Avenue
2nd & 3rd Floors
New York, New York 10001

   Re: <u>Plea Agreement with Boris Veysman</u>, Case No. 25-cr-405-KMW

Dear Counsel:

  This letter sets forth the plea agreement between your client, Boris Veysman ("Veysman"), and the U.S. Attorney for the District of New Jersey and the U.S. Department of Justice, Criminal Division, Fraud Section ("this Office"). This offer will expire on May 1, 2025, if it is not accepted in writing by that date. If Veysman does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charges</u>

  Conditioned on the understandings specified below, this Office will accept a guilty plea from Veysman to an Information that charges Veysman with: (i) conspiracy to commit health care fraud, contrary to 18 U.S.C. § 1347, in violation of 18 U.S.C. § 1349, and (ii) conspiracy to unlawfully distribute controlled substances, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), in violation of 21 U.S.C. § 846.  If Veysman enters a guilty plea and is sentenced on these charges and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Veysman related to claims he submitted to health care benefit programs or his prescriptions for controlled substances from January 2019 to the present.

  But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Veysman even if the applicable statute of limitations

period for those charges expires after Veysman signs this agreement, and Veysman agrees not to assert that any such charges are time-barred.

### Sentencing

The violation of 18 U.S.C. § 1349 to which Veysman agrees to plead guilty in Count One of the Information carries a statutory maximum prison sentence of ten years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The prison sentence may run consecutively to any prison sentence Veysman is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The violation of 21 U.S.C. § 846 to which Veysman agrees to plead guilty in Count Two of the Information carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of (1) $1,000,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Veysman is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Veysman ultimately will receive.

Further, in addition to imposing any other penalty on Veysman, the sentencing judge as part of the sentence:

(1) will order Veysman to pay an assessment of $100 per count ($200 total in this case), pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order Veysman to pay restitution pursuant to 18 U.S.C. § 3663A;

(3) may order Veysman, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of his offenses;

(4) must order forfeiture, pursuant to 18 U.S.C. § 982(a)(7), 28 U.S.C. § 2461 and 21 U.S.C. § 853;

(5) pursuant to 18 U.S.C. § 3583, if no term of imprisonment is imposed, may require Veysman to serve a term of supervised release of not more than three years. But if the sentencing judge imposes a term of imprisonment, Veysman will be required to serve a term of supervised release of at least three years, which will begin at the expiration of any term or imprisonment imposed, pursuant to 21 U.S.C. § 841(b)(1)(C). If the sentencing judge imposes a term of imprisonment and Veysman has a prior conviction, Veysman will be required to serve a term of supervised release of at least six years, which will begin at the expiration of any term of imprisonment imposed, pursuant to 21 U.S.C. § 841(b)(1)(C).

(6) Should Veysman be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Veysman may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, Veysman agrees to pay full restitution to the victims of the offenses of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying those offenses in an amount that fully compensates the victims for the losses sustained. Veysman specifically agrees to pay full restitution, jointly and severally with his co-conspirators, to the Centers for Medicare and Medicaid Services in an amount of at least $7,033,402.

Forfeiture

As part of Veysman's acceptance of responsibility, Veysman agrees to forfeit to the United States all property Veysman obtained that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the federal health care fraud offense charged in Count One of the Information, pursuant to 18 U.S.C. § 982(a)(7); all property Veysman obtained, directly or indirectly, as the result of the Controlled Substances Act violation charged in Count Two of the Information; and all property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the violation charged in Count Two, pursuant to 21 U.S.C. § 853; and all property traceable to such property.

Veysman further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists and that the United States is entitled to forfeit substitute assets equal to the value of the forfeitable property (the "Forfeiture Amount"). Veysman consents to the entry of an order requiring Veysman to pay the Forfeiture Amount, in the manner described below (the "Order"), which may be satisfied in whole or in part with substitute assets. Veysman further agrees that upon entry of the Order, this Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Forfeiture Amount in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

All payments made in full or partial satisfaction of the Money Judgment shall be made (i) electronic funds transfer, as directed by the Office; or (ii) bank or certified check, made payable in this instance to the United States Marshals Service, indicating Veysman's full name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

Veysman waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Veysman understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise Veysman of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. Veysman waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. Veysman further understands that Veysman has no right to demand that any forfeiture of Veysman's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon Veysman in addition to forfeiture.

Veysman further agrees that, not later than the date Veysman enters the guilty plea, Veysman will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Veysman fails provide a complete and accurate Financial Disclosure Statement by the date Veysman enters his plea of guilty, or if this Office determines that Veysman has intentionally failed to disclose assets on the Financial Disclosure Statement, Veysman agrees that such failure would constitute a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Veysman by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Veysman's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Veysman will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Veysman waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

### Immigration Consequences

Veysman understands that, if Veysman is not a citizen of the United States, Veysman's guilty plea to the charged offenses will likely result in Veysman being

subject to immigration proceedings and removed from the United States by making Veysman deportable, excludable, or inadmissible, or ending Veysman's naturalization. Veysman understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Veysman wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause Veysman's removal from the United States. Veysman understands that Veysman is bound by this guilty plea regardless of any immigration consequences. Accordingly, Veysman waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Veysman also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and the U.S. Department of Justice, Criminal Division, Fraud Section, and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Veysman. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Veysman from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

      This agreement constitutes the entire plea agreement between Veysman and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ALINA HABBA
United States Attorney

By:   */s/ Jessica R. Ecker*
      Jessica R. Ecker
      Assistant U.S. Attorney

By:   */s/ Nicholas K. Peone*
      Nicholas K. Peone
      Hyungjoo Han
      U.S. Department of Justice
      Criminal Division, Fraud Section

APPROVED:

_____
Ari B. Fontecchio
Chief, Health Care Fraud Unit

/s/ Thomas Tynan
Thomas Tynan
Assistant Chief
U.S. Department of Justice
Criminal Division, Fraud Section

I have received this letter from my attorneys, Benjamin Brafman, Esq., and Ezra Lent, Esq. I have read it. My attorneys and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, immigration, and venue consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 5/1/2025
Boris Veysman, MD


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, immigration, and venue consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: 5-5-25
Benjamin Brafman, Esq.
Ezra Lent, Esq.
*Counsel for Defendant*

<u>Plea Agreement with Boris Veysman ("Veysman")</u>

### Schedule A

1. This Office and Veysman recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. The version of the Guidelines effective November 1, 2024 applies in this case.

<u>Count One</u>

3. The applicable guideline for Count One of the Information is U.S.S.G. § 2X1.1, which provides that the base offense level for conspiracy is the base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty. Because the substantive offense is health care fraud, the applicable guideline for Count One is U.S.S.G. § 2B1.1.

4. Under U.S.S.G. § 2B1.1, the base offense level for Count One, conspiracy to commit health care fraud, is 6. U.S.S.G. § 2B1.1(a)(2).

5. The reasonable estimate of loss to Medicare is between $7,000,000 and $9,500,000. Because the offense involved losses totaling more than $3,500,000 but not more than $9,500,000, the offense level applicable to Count One is increased by 18 levels. *See* U.S.S.G. § 2B1.1(b)(1)(J).

6. Veysman committed a federal health care offense involving a Government health care program, and the loss amount associated with that offense was more than $7,000,000. Thus, the offense level applicable to Count One is increased by 3 levels. *See* U.S.S.G. § 2B1.1(b)(7)(ii).

7. Veysman abused a position of public or private trust in that he used his position as a licensed medical doctor in a manner that significantly facilitated the commission or concealment of the offense. Thus, the offense level applicable to Count One is increased by 2 levels. *See* U.S.S.G. § 3B1.3.

8. Accordingly, the total offense level for Count One is 29.

<u>Count Two</u>

9. The applicable guideline for Count Two of the Information is U.S.S.G. § 2D1.1.

10. Veysman issued approximately 900 prescriptions for Adderall (amphetamine and dextroamphetamine) and generic equivalents that were at or in

excess of the maximum safe adult dosage of 60 milligrams per day. These prescriptions contained approximately 1,171,000 milligrams of actual amphetamine. Veysman and this Office agree that the offense involved approximately 25% of this amphetamine, i.e, approximately 292.75 grams, because Veysman was not interacting with the patients who received these prescriptions in a manner that (a) was in the usual course of professional practice, (b) allowed Veysman to determine whether his prescriptions were for a legitimate medical purpose, or (c) was consistent with state law; and Veysman knew the manner in which he was issuing these prescriptions was unlawful.

11. The amount of actual amphetamine involved in Count 2 is at least 150 grams but less than 500 grams. Therefore, Veysman and this Office agree that that the Converted Drug Weight for these and other prescriptions involved in the offense charged in Count 2 of the Information is at least 3,000 KG but less than 10,000 KG. U.S.S.G. § 2D1.1(a)(5), (c)(4). This corresponds to an offense level of 32.

12. Veysman abused a position of public or private trust in that he used his position as a licensed medical doctor in a manner that significantly facilitated the commission or concealment of the offense. Thus, the offense level applicable to Count Two is increased by 2 levels. *See* U.S.S.G. § 3B1.3.

13. If Veysman establishes before sentencing that he meets the criteria of U.S.S.G. § 5C1.2, he will be entitled to a further 2-level reduction in his offense level. Whether Veysman could satisfy all the criteria of § 5C1.2 has not yet been determined. If, prior to the sentencing hearing, Veysman establishes to the satisfaction of the Court that he satisfies all those criteria, the United States will not oppose Veysman's request for a 2-level reduction of, or variance from, the combined offense level. *See* U.S.S.G. § 2D1.1(b)(18).

14. Accordingly, if Veysman meets the criteria prescribed by U.S.S.G. § 5C1.2(a)(1)–(5), the total offense level for Count Two is 32; otherwise the total offense level for Count Two is 34.

## Grouping

15. Count One and Count Two do not group for guideline calculation purposes because they do not involve substantially the same harm. *See* U.S.S.G. § 3D1.2.

16. Under U.S.S.G. § 3D1.4, Count Two is assigned 1 unit. If the total offense level for Count Two is 32 because Veysman meets the criteria prescribed by U.S.S.G. § 5C1.2(a)(1)–(5), then Count One is 3 levels less serious than Count Two and is assigned 1 unit. U.S.S.G. § 3D1.4(a).

17. If the total offense level for Count Two is 34 because Veysman does not meet the criteria prescribed by U.S.S.G. § 5C1.2(a)(1)–(5), then Count One is 5 levels less serious than Count Two and is assigned 1/2 unit. U.S.S.G. § 3D1.4(b).

18. Accordingly, under U.S.S.G. § 3D1.4, the parties agree that the Combined Offense Level applicable to Veysman is:

(a)  34, if the Court finds that Veysman meets the criteria in U.S.S.G. § 5C1.2(a)(1)–(5), as described above in Paragraph 16; or

(b)  35, if the Court finds that Veysman does not meet the criteria in U.S.S.G § 5C1.2(a)(1)–(5), as described above in Paragraph 17.

Other Adjustments

19. As of the date of this letter, Veysman has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Veysman's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

20. As of the date of this letter, Veysman has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Veysman's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Veysman enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Veysman's acceptance of responsibility has continued through the date of sentencing and Veysman therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Veysman's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

21. If Veysman establishes at sentencing that he has no criminal history points and meets the other criteria in U.S.S.G. § 4C1.1, he will be entitled to a further 2-level reduction in his offense level.

22. Accordingly, the parties agree that, depending upon the sentencing court's resolution of the open Guidelines issues noted above, the Total Offense Level applicable to Veysman is:

(a)  32, if the Court finds that Veysman does not meet the criteria in U.S.S.G. §§ 5C1.2(a)(1)–(5) or 4C1.1;

(b)  30, if the Court finds that Veysman does not meet the criteria in U.S.S.G. § 5C1.2(a)(1)–(5) but that he meets the criteria in U.S.S.G. § 4C1.1;

(c)     31, if the Court finds that Veysman meets the criteria in U.S.S.G. § 5C1.2(a)(1)–(5) but that he does not meet the criteria in U.S.S.G. § 4C1.1; or

(d)     29, if the Court finds that Veysman meets the criteria in U.S.S.G. §§ 5C1.2(a)(1)–(5) and 4C1.1.

23.     The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

24.     If the term of imprisonment does not exceed 151 months (if U.S.S.G. §§ 4C1.1 and 5C1.2(a)(1)–(5) do not apply), 121 months (if U.S.S.G. § 4C1.1 applies but U.S.S.G § 5C1.2(a)(1)–(5) does not apply), 135 (if U.S.S.G § 5C1.2(a)(1)–(5) applies but U.S.S.G. § 4C1.1 does not apply), or 108 months (if both U.S.S.G §§ 4C1.1 and 5C1.2(a)(1)–(5) apply), and except as specified in the next paragraph below, Veysman will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 121 (if U.S.S.G. §§ 4C1.1 and 5C1.2(a)(1)–(5) do not apply), 97 months (if U.S.S.G. § 4C1.1 applies but U.S.S.G § 5C1.2(a)(1)–(5) does not apply), 108 (if U.S.S.G § 5C1.2(a)(1)–(5) applies but U.S.S.G. § 4C1.1 does not apply), or 87 (if both U.S.S.G §§ 4C1.1 and 5C1.2(a)(1)–(5) apply), this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

25.     Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(a)     Any proceeding to revoke the term of supervised release.

(b)     A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c)     An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the

court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).